UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------

BILLY FRADYS,
                        Plaintiff,        21-cv-7891 (JGK)

     - against -                 MEMORANDUM OPINION
                                                 AND ORDER
CHRISTOPHER RONDEAU ET AL.,
                       Defendants.
--------------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff, Billy Fradys, brought this action in New York State Supreme Court against Planet Fitness and its CEO, Christopher Rondeau. ECF No. 1-2. The plaintiff brought claims for violations of the plaintiff's constitutional and statutory rights and breach of contract. Id. White Plains Road Fitness Group, LLC ("White Plains Road Fitness"), a Planet Fitness franchisee, filed a notice of removal of the action, indicating that it, rather than Planet Fitness, was the proper defendant in this case and that Christopher Rondeau had not been served properly. ECF No. 1. White Plains Road Fitness now moves to dismiss the complaint. ECF No. 7. For the following reasons, the motion to dismiss is **granted**.

                                             I.

    The following facts are taken from the complaint and are accepted as true for the purposes of this motion to dismiss. The Court also takes judicial notice of the plaintiff's Membership Agreement, ECF No. 8-5, which is incorporated by reference into

the complaint. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 71-72 (2d Cir. 1995).

The plaintiff was a member of the Planet Fitness gym franchise owned and operated by White Plains Road Fitness. To become a member of the gym, the plaintiff signed a Membership Agreement, in which he agreed to comply with Planet Fitness policies and rules, and acknowledged that his membership might be terminated if he did not do so. ECF No. 8-5.

During the Covid-19 pandemic, the plaintiff sought to enter the defendant's premises, but was denied entry because he refused to wear a mask. This occurred several times, and the plaintiff's membership was ultimately canceled.

The plaintiff alleged that he has "epilepsy, chronic stress and anxiety disorders,"[1] and that he was denied entry as a result of these disabilities.

The plaintiff brought claims for breach of contract, violation of the First Amendment, violation of the Fourth Amendment, violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq., and violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), in New York state court. The complaint named as defendants Christopher

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

Rondeau and Planet Fitness. Christopher Rondeau is the CEO of Planet Fitness, Inc., the parent company of Planet Fitness Franchising, LLC, which is in turn the franchisor of White Plains Road Fitness.

White Plains Road Fitness filed a notice of removal, ECF No. 1, which stated that White Plains Road Fitness was "improperly named in the Caption of the Complaint as Planet Fitness and Chris Rondeau." Id. at 1. White Plains Road Fitness then moved to dismiss the action pursuant to Rule 12(b)(6) on the ground that the plaintiff had not stated a claim on which relief can be granted. ECF No. 7. The plaintiff's opposition to the motion did not dispute that White Plains Road Fitness was the proper defendant. ECF No. 10.

**II.**

The Court has subject matter jurisdiction over the claims brought under the ADA, the Civil Rights Act of 1964, and the federal constitution pursuant to 28 U.S.C. § 1331. The Court has subject matter jurisdiction over the breach of contract claim pursuant to § 1367(a) because that claim arises from the same "common nucleus of operative fact" as the claims that arise under federal law, and therefore "form[s] part of the same case or controversy." See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997).

3

Any defects in removal were waived. 28 U.S.C. § 1441(a) provides for removal only by "defendants." See Am. Home Assur. Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999). However, defects in removal, including removal by a non-defendant, are not jurisdictional and may be waived if not objected to within 30 days. Fax Telecommunicaciones Inc. v. AT & T, 138 F.3d 479, 487-88 (2d Cir. 1998); Am. Home Assur., 70 F. Supp. 2d at 299. Accordingly, to the extent that White Plains Road Fitness was not a "defendant" within the meaning of § 1441(a) at the time of removal, the plaintiff's failure to object to removal waives any objection to removal by White Plains Road Fitness. See id. Because the Court has subject matter jurisdiction and any objection based on improper removal is waived, the Court may hear the action.

Because White Plains Road Fitness agrees that it is the proper defendant in this action and the plaintiff does not dispute this, White Plains Road Fitness is substituted as the defendant in the place of Christopher Rondeau and Planet Fitness.

### III.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

4

2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Where, as here, the plaintiff is proceeding pro se, the Court is required to read the plaintiff's pleadings "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

### IV.

#### A.

The complaint claims violations of the First and Fourth Amendments. Liberally construed, the complaint may also claim a violation of the substantive due process right to privacy.

#### 1.

The defendant argues that the plaintiff's constitutional claims fail because the plaintiff has not alleged state action, which is required for a violation of the First or Fourth
5

Amendments or the right to privacy. See Cooper v. U.S. Postal Serv., 577 F.3d 479, 491 (2d Cir. 2009). However, conduct by a private entity may constitute state action where "the entity acts pursuant to the coercive power of the state or is controlled by the state." Barrows v. Becerra, 24 F.4th 116, 135 (2d Cir. 2022). The defendant in this case concedes that its mask policy "was mandated by the State of New York" by dint of certain Executive Orders issued by the Governor of New York. ECF No. 8. In view of these Executive Orders, the Court could not decide on a motion to dismiss that there was no state action on the part of the defendant. See, e.g., Barrows, 24 F.4th at 135-38; Thompson v. CRF-Cluster Model Program, LLC, No. 19-cv-1360, 2020 WL 4735300, at *7 & n.7 (S.D.N.Y. Aug. 14, 2020); Mayers v. N.Y. Cmty. Bancorp, Inc., No. 03-cv-5837, 2005 WL 2105810, at *10 (E.D.N.Y. Aug. 31, 2005).

Nonetheless, the plaintiff's claims for constitutional violations fail because the plaintiff has failed to identify any infringement of his constitutional rights.

**2.**

First, the plaintiff has not alleged any infringement of his right to assemble. The plaintiff alleges that his ability to assemble in the gym was restricted because it was conditioned on his wearing a mask. But courts in this Circuit have upheld far stricter restrictions on individuals' ability to assemble during

6

the Covid-19 pandemic than a mask requirement. See, e.g., Lebanon Valley Auto Racing Corp. v. Cuomo, 478 F. Supp. 3d 389, 396-97 (N.D.N.Y. 2020) (upholding a ban on spectators at racetracks) (collecting cases). Courts have held correctly that mask requirements do not violate the First Amendment because a requirement that individuals wear a mask in a place where people gather imposes at most a de minimis burden on individual's ability to associate. See Donohue v. Hochul, No. 21-cv-8463, 2022 WL 673636, at *8 (S.D.N.Y. Mar. 7, 2022) (collecting cases). Accordingly, the plaintiff has not alleged a violation of his right to free assembly.

**3.**

Second, the plaintiff has not identified any infringement of his right to religious expression. Under Employment Division, Department of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990), alleged encroachments on the free exercise of religion are subject to rational basis review if they are neutral and generally applicable, and strict scrutiny if they are not. Agudath Israel of Am. v. Cuomo, 983 F.3d 620, 631 (2d Cir. 2020). The alleged encroachment in this case, the requirement that the plaintiff wear a mask, which the plaintiff alleges violates his religion, applies irrespective of a person's religious beliefs, and therefore is subject to rational basis review. There is plainly a rational basis for the requirement

7

that people wear masks in gyms; namely, that mask-wearing may slow the transmission of Covid-19. Delaney v. Baker, 511 F. Supp. 3d 55, 74 (D. Mass. 2021). Accordingly, the plaintiff has not alleged plausibly that his right to religious expression was infringed. See id.

4.

Third, the plaintiff has not identified any infringement of his right to free speech. Wearing a mask does not prevent people from speaking and indeed people speak frequently while wearing masks, including in courtrooms throughout the country. Any incidental burden on people's speech in gyms because of a mask requirement is plainly constitutional. Content- and viewpoint-neutral regulations that impose only an incidental burden on speech are subject to intermediate scrutiny, and will be upheld if they "further[] an important or substantial governmental interest . . . unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." Vincenty v. Bloomberg, 476 F.3d 74, 84 (2d Cir. 2007). In this case, the requirement that the plaintiff wear a mask imposes at most an incidental burden on the plaintiff's speech, and that minimal burden is applied to all speech, regardless of the content or viewpoint it expresses. The requirement advances an important government interest, namely,

the prevention of Covid-19. And the plaintiff does not allege concretely any burden or limitation on his speech caused by the requirement that the plaintiff wear a mask. See Young v. James, No. 20-cv-8252, 2020 WL 6572798, at *4 (S.D.N.Y. Oct. 26, 2020), appeal dismissed (Feb. 4, 2021). Accordingly, the plaintiff has not alleged a violation of his right to free speech. See id.; Libertarian Party of Conn. v. Merrill, 470 F. Supp. 3d 169, 179 (D. Conn.), aff'd sub nom. Libertarian Party of Connecticut v. Lamont, 977 F.3d 173 (2d Cir. 2020); McCarthy v. Cuomo, No. 20-cv-2124, 2020 WL 3286530, at *4 (E.D.N.Y. June 18, 2020).

### 5.

Fourth, the plaintiff has not identified any infringement of his rights under the Fourth Amendment. The Fourth Amendment protects against unreasonable "searches and seizures." Requirements that individuals wear masks in areas in which people gather do not amount to searches or seizures. See, e.g., Donohue, 2022 WL 673636, at *8; McCarthy v. Cuomo, 2020 WL 3286530, at *4. Accordingly, the plaintiff has not alleged a violation of his Fourth Amendment rights.

### 6.

Finally, the plaintiff invokes his Fourth Amendment "right to privacy." Compl. at 5. To the extent that, liberally construed, this constitutes a claim that the plaintiff's substantive due process right to privacy was infringed, any such

claim also fails, because the plaintiff has not identified any way in which requiring an individual to wear a mask in an area in which people gather infringes any right to privacy. See, e.g., id. at *9. Accordingly, the plaintiff has not alleged a violation of his substantive due process right to privacy.

For these reasons, the plaintiff has not stated a claim for violation of his constitutional rights.

### B.

The plaintiff has not stated a claim for a violation of the Civil Rights Act of 1964. That statute protects against discrimination on the ground of "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To state a claim for discrimination under that statute, a plaintiff must allege facts supporting a plausible inference of discriminatory animus against one of these protected classes. Bentley, Jr. v. Mobil Gas Station, 599 F. App'x 395, 396 & n.1 (2d Cir. 2015). The plaintiff's allegations in this case give rise to no such inference: the plaintiff alleges only that he was denied entry to the gym because of his conduct — namely, his refusal to wear a mask — rather than his religion or any other class protected under the Civil Rights Act of 1964. Such an allegation does not give rise to an inference of discriminatory animus. See id. Moreover, there is no suggestion that the mask requirement makes any distinction among persons based on their race, color,

10

religion, or national origin. Accordingly, the plaintiff has failed to state a claim for violation of the Civil Rights Act of 1964.

C.

The plaintiff has not stated a claim for violation of Title III of the ADA. To state a claim under Title III of the ADA, a plaintiff must allege that the plaintiff is disabled within the meaning of the ADA and "that defendants discriminated against [the plaintiff] by denying [the plaintiff] a full and equal opportunity to enjoy the services defendants provide." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. 42 U.S.C. § 12182(b)(2)(A)(ii); Shaywitz v. Am. Bd. of Psychiatry & Neurology, 848 F. Supp. 2d 460, 466 (S.D.N.Y. 2012).

In this case, while the plaintiff alleges that he suffers from epilepsy, chronic stress, and anxiety disorders, the plaintiff does not adequately allege that he was denied access to the facility because of any of these disabilities or because of the failure to make reasonable accommodations for his disabilities. To the contrary, the plaintiff specifically alleges that he was denied access to the facility because he refused to wear a mask. Compl. at 5. The plaintiff's subsequent general allegation that he was denied entry because of his

11

disabilities, id. at 7, is contradictory and entirely conclusory, and the Court is not required to accept it as true. Cf. DPWN Holdings (USA), Inc. v. United Air Lines, Inc., 747 F.3d 145, 151 (2d Cir. 2014).

The plaintiff also does not allege that the defendants failed to make reasonable accommodations for his disability. To state a claim for violation of the ADA on a reasonable accommodations theory, a plaintiff must allege that the defendant had notice of the plaintiff's disability. Shaywitz, 848 F. Supp. 2d at 466. The plaintiff does not allege that the defendant had notice of the plaintiff's alleged disabilities. Given that the Executive Order mandating masks included an exception for disabilities, see N.Y. Executive Order No. 202.17 ("[A]ny individual who is . . . able to medically tolerate a face-covering shall be required to cover their nose and mouth with a mask or cloth face-covering . . . .") (emphasis added), it was especially important that the plaintiff bring his alleged disability to the defendant's attention. Accordingly, the plaintiff has not stated an ADA claim on a reasonable accommodations theory. Because the plaintiff has not alleged discrimination within the meaning of the ADA, the plaintiff's ADA claim fails.

**D.**

The plaintiff has not stated a claim for breach of contract. To state a claim for breach of contact under New York law, a plaintiff must allege "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages." Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 921 N.Y.S.2d 260, 264 (App. Div. 2011). In this case, the plaintiff failed to allege any specific provision of the Membership Agreement that was breached by the defendant, or that the plaintiff himself complied with the contract. Indeed, the plaintiff's allegations establish that the club communicated to the plaintiff the rule regarding masks and that the plaintiff refused to comply with this rule, and the Membership Agreement expressly provides that the club may terminate a member's membership for failure to comply with club rules. ECF No. 8-5. Accordingly, on the plaintiff's allegations, the club was entitled to terminate the plaintiff's membership, and the plaintiff has not identified any provision of the contract that was breached by the defendant. See Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276, 286 (S.D.N.Y. 1991). The plaintiff's claim for breach of contract therefore also fails.

## Conclusion

The Court has considered all of the arguments by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, White Plains Road Fitness is substituted as the defendant for Christopher Rondeau and Planet Fitness. The motion to dismiss by White Plains Road Fitness is **granted** without prejudice. The plaintiff may file an amended complaint within 30 days of the date the plaintiff receives this Memorandum Opinion and Order. The Clerk is directed to close ECF No. 7, and to mail a copy of this Memorandum Opinion and Order to the plaintiff and to note service in the docket.

SO ORDERED.
Dated:   New York, New York
         April 29, 2022

_____
John G. Koeltl
United States District Judge