UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BILLY FRADYS,

                     **Plaintiff,**

        - against -

CHRISTOPHER RONDEAU, ET AL.,

                     **Defendants.**
_____

21-cv-7891 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

     The pro se plaintiff, Billy Fradys, brought this action against the defendants, Christopher Rondeau, Planet Fitness, and White Plains Road Fitness Group ("WPRFG") for violations of the plaintiff's constitutional and statutory rights and breach of contract. In a Memorandum Opinion and Order dated April 29, 2022, this Court dismissed the plaintiff's claims without prejudice to the plaintiff's ability to file an amended complaint. See Fradys v. Rondeau, No. 21-cv-7891, 2022 WL 1289674 (S.D.N.Y. Apr. 29, 2022). In that same Memorandum Opinion and Order, WPRFG was noted to be the sole and proper defendant in this case, which the plaintiff has not disputed. See id. at *1.

     The plaintiff has now filed an Amended Complaint, ECF No. 17, reasserting the same claims pleaded in his original complaint as well as asserting several new claims under various federal and state statutes. The plaintiff claims that, in

violation of his membership agreement and in violation of
various laws and constitutional provisions, his membership was
cancelled because he refused to wear a mask during the COVID-19
pandemic. WPRFG has filed a motion to dismiss the plaintiff's
Amended Complaint for failure to state a claim pursuant to
Federal Rule of Civil Procedure 12(b)(6). For the following
reasons, the motion to dismiss is **granted**, and the plaintiff's
claims are dismissed with prejudice.

## I.

The Court assumes familiarity with the facts of this case,
which are set out in detail in the original Memorandum Opinion
and Order. See Fradys, 2022 WL 1289674, at *1.[1] The plaintiff, in
the Amended Complaint, has not pleaded any additional new facts
that are of significance to the disposition of this case.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6),
the allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007). The Court's function on a motion to dismiss is "not to
weigh the evidence that might be presented at a trial but merely

---

[1] Unless otherwise noted, this Memorandum Opinion and Order
omits all alterations, omissions, emphasis, internal quotation
marks, and citations in quoted texts.

to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, it need not accept as true legal conclusions contained in the complaint. Id.

Where, as here, the plaintiff is proceeding pro se, the Court is required to read the plaintiff's pleadings "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

### III.

The plaintiff makes substantially the same claims in the Amended Complaint as he made in the initial complaint. For all the reasons explained in the original Memorandum Opinion and Order, the plaintiff's claims fail.

First, the plaintiff repleads various constitutional claims. The plaintiff claims that his First Amendment rights were violated by the fitness center's requirement that the

3

plaintiff wear a mask. But, as noted in the previous Opinion, courts in this District have reasoned that mask requirements do not violate the First Amendment rights to free assembly because they impose only a de minimis burden. See Donohue v. Hochul, No. 21-cv-8463, 2022 WL 673636, at *8 (S.D.N.Y. Mar. 7, 2022). The plaintiff's First Amendment right to free religious expression has also not been violated because the free exercise clause does not require that a government-imposed mask requirement include a religious exemption. See, e.g., Delaney v. Baker, 511 F. Supp. 3d 55, 71-75 (D. Mass. 2021).

Next, the plaintiff claims that his right to be free from unreasonable searches and seizures under the Fourth Amendment was violated by the mask requirement. However, mask wearing requirements do not amount to searches or seizures, and thus are outside of the ambit of the Fourth Amendment. See, e.g., Donohue, 2022 WL 673636, at *8.

The plaintiff also claims that his Fourth Amendment "right to privacy" was violated. Construing this as a claim for a substantive due process violation under the Fourteenth Amendment, the plaintiff's claims fail for the same reasons as before – namely, that the plaintiff has not identified any way in which a mask wearing requirement infringes any substantive right to privacy. See Fradys, 2022 WL 1289674, at *4; Donohue, 2022 WL 673636, at *9.

Second, the plaintiff also repleads several statutory claims. He begins with a claim for discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). To state a claim under the ADA, the plaintiff must allege that the plaintiff is disabled within the meaning of the ADA and "that the defendants discriminated against [the plaintiff] by denying [the plaintiff] a full and equal opportunity to enjoy the services the defendants provide." Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. Shaywitz v. Am. Bd. of Psychiatry & Neurology, 848 F. Supp. 2d 460, 466 (S.D.N.Y 2012). Here, however, the plaintiff still has not alleged that the disability was brought to the attention of the fitness center, nor was the plaintiff denied an accommodation on account of said disability, and therefore the ADA claim must fail.

The plaintiff next brings a claim for violation of the Civil Rights Act of 1964. However, as before, the plaintiff has not alleged any discrimination on the basis of a protected characteristic – one of "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Instead, the plaintiff has alleged only that he was denied entry to the gym because of his refusal to wear a mask, but not on the basis of membership in

any protected class. As a result, the plaintiff has failed to state a claim under the Civil Rights Act of 1964.[2]

Finally, the plaintiff brings a claim for state law breach of contract. Breach of contract requires "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages." Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 921 N.Y.S.2d 260, 264 (App. Div. 2011). The plaintiff's claim fails because no specific provision of the gym's Membership Agreement was alleged to have been breached and, if anything, the plaintiff was the party in breach when he refused to wear a mask on gym premises, against gym rules. Accordingly, the breach of contract claim fails.

## IV.

The plaintiff, after amending his complaint, has brought several new claims in addition to those considered and dismissed on the original motion to dismiss. The first of these is a claim for a violation of "US Title 42 [and] Title 52." Am. Compl. at

---

[2] The plaintiff also brings claims under Section 40 of the New York Civil Rights Law. However, Section 40 claims impose a notice requirement that notice be served on the attorney general before claims under the statute can be brought. See Silver v. Equitable Life Assurance Soc'y of U.S., 563 N.Y.S.2d 78, 80 (App. Div. 1990) (finding that a cause of action under Section 40-c was properly dismissed because notice was not given to the Attorney General as required by Section 40-d). In any event, the plaintiff has not pleaded any facts supporting a claim for discrimination under Section 40.

10. Construing this as a claim for violations of Titles 42 and
52 of the U.S. Code, which deal with public health, welfare, and
civil rights, and voting and elections, respectively, the
plaintiff has not pleaded sufficient claims for which relief may
be granted, because the claims have not been pleaded with the
requisite specificity indicating which rights under these Titles
have been violated. Accordingly, the claims under Title 42 and
Title 52 are dismissed.

The plaintiff has also added claims under Title VII of the
Civil Rights Act. However, "the existence of an employer-
employee relationship is a primary element of Title VII claims."
Felder v. U.S. Tennis Assoc., 27 F.4th 834, 838 (2d Cir. 2022).
The plaintiff has not alleged that he is employed by WPRFG.
Accordingly, the Title VII claim is dismissed.

The plaintiff also brings claims under Article 1, Sections
2, 3, and 8 of the New York Constitution. Article 1, Section 2
concerns trials by jury, and is therefore inapposite here.
Sections 3 and 8 concern freedom of religious expression and
freedom of speech and are without merit for the same reasons
that the plaintiff's federal constitutional claims fail. See
Carter v. Inc. Vill. of Ocean Beach, 693 F. Supp. 2d 203, 212
(E.D.N.Y. 2010) (freedom of speech); cf. Congregation Rabbinical
Coll. of Tartikov, Inc. v. Vill. of Pomona, 915 F. Supp. 2d 574,
618 n.20 (S.D.N.Y. 2013) (summarizing that "the issue of

7

identicality between federal and New York State constitutional [free exercise] protection is an open one" and finding the difference "immaterial" because the plaintiffs satisfied the federal standard). Accordingly, the plaintiff does not state a claim under the New York Constitution.

Finally, the plaintiff brings claims under the "New York Human Rights Law." Construed as a claim under both the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law (NYCHRL), the plaintiff has nonetheless failed to state a claim under either statute because the plaintiff has not alleged that he has been discriminated against based on membership in a protected class. The NYSHRL protects against discrimination on the basis of "age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability," N.Y. Exec. Law § 291(2), and the NYCHRL protects against discrimination on the basis of "race, creed, color, national origin, age, gender, disability, marital status, partnership status, sexual orientation, or alienage or citizenship status," N.Y.C. Admin. Code § 8-107(4). None of these protected classes are implicated in the plaintiff's being refused gym access because of his refusal to wear a mask.

**V.**

The plaintiff also brings claims under several federal and state criminal statutes. However, as a private citizen, the plaintiff cannot bring a claim under federal or state criminal statutes. See Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972) ("[I]n our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 611 (S.D.N.Y. 2013) ("No private right of action exists to enforce [provisions of the New York Penal Law]."). Accordingly, those claims are dismissed.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted,** and the complaint is **dismissed with prejudice.** The Clerk is directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:      New York, New York
            November 10, 2022

                                        _____
                                        John G. Koeltl
                                        United States District Judge

9